Moncrief, J.
The case as presented upon this appeal differs from that previously heard and decided, (4 Bosw., 447 ;) among other things, in this, that upon the first trial there was no evidence, other than the policy in question, which tended to show the character or import of the contract between the passengers and ship-owner, and from *256 which the duty or right could be implied of the owner of the vessel to transport, deliver, or land the passengers at some particular port or place. The policy of insurance, in my opinion, does not in plain terms contemplate the probability or even the possibility of the shipper being called upon and made liable to refund the amount of the passage money which he was to receive from the passenger before taking him on board the vessel. The construction to be given to the policy, standing alone, I think is plainly otherwise, and the more reasonable intendment of the parties presumed to be that the assured sought indemnity against detention and consequent damage thereby. Upon the present trial, however, there is no longer room to doubt as to the nature of the contract by which the shipper and passenger were bound, the latter to pay the stipulated price upon being received on board of a vessel destined for, and the former to transport and to land the passenger at the particular port, Hew York.
This contract was never performed; tie passengers were not carried and landed pursuant to the terms of the agreement, the vessel with all the passengers having been lost at sea. The loss sustained by the assured, therefore, is what he might and could have earned had the vessel performed the voyage and arrived safely at the port of Hew York.
The ship-owner had a lien upon the unearned passenger money, and an insurable interest. (Pars. Mer. Law, p. 413.)
The mere fact of payment having been made to the shipowner in advance, under the terms of the contract, cannot vary or impair the rights of the passengers, or change the relation of the assurer and assured. The payment in advance enabled the plaintiff to set the policy running, entitled the passenger to come and remain and be victualed on board of the vessel, and created the ship-owner trustee of the money of the passengers until, having earned it by performance of his contract, the ship became entitled thereto, or failing so to do, the right of the passengers to claim a return of the money became perfect. (4 Bosw., 447 ; *257 5 Sand. S. C. R., 578-582, and cases cited; 1 Pars. on Mar. Law, 158, et seq. ; 29 E. L. and Eq. R., 115-117.) The presumption always is in favor of contracts having been made in accordance with the requirements of law. The agreement between the passenger and the ship-owner was made in England after the passage of the Act of Parliament of August 14, 1855 ; and the Court properly therefore assumed, no evidence appearing to the contrary, that it was made in conformity with the provisions of this Act. The renewal of the policy in October, 1855, operated and had the like effect as the making of a new contract under that date, of the terms and effect of the policy of insurance issued and delivered in January, 1855.
The objection to proof of waiver of preliminary proof of loss and interest (appearing in the case although not argued or noticed in the points) is not well taken and was properly overruled. (20 Pick., 389 ; 3 Sand. S. C. R., 42 ; 6 Cush., 345 ; 2 Kern., 97 ; 9 John., 192 ; 3 Comst., 128.)
Upon the evidence adduced before the Court it appears that a liability arising upon the contract with the passenger is clearly fixed, and the right of the plaintiff to recover (in the absence of proof that the law in England differs from that of this State) does not depend upon his having discharged the liability. (1 Sand. S. C. R., 124 ; 3 Seld., 583.) The liability of the plaintiff arises as a matter of law upon the contract shown to have been made with the passenger; no averment thereof was necessary.
Judgment should be entered in favor of the plaintiff for the amount of the verdict, interest, &c.
Bosworth, Ch. J., and White, J., concurred.
Judgment for plaintiff ordered.